STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

State of West Virginia, Plaintiff Below,
Respondent

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 12-1291 (Tyler County 12-F-8)

Nocha R. Brewer, Defendant Below,
Petitioner

MEMORANDUM DECISION

Petitioner's appeal, by counsel John E. Gainer, arises from the Circuit Court of Tyler County's September 26, 2012 order denying her motion for judgment of acquittal. The State, by counsel Thomas W. Rodd, filed a response. On appeal, petitioner alleges that the circuit court erred in denying her motion for judgment of acquittal because the evidence below was insufficient to support her convictions.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2011, petitioner and her boyfriend, Billy McIntyre, were visiting friends when an altercation between the two occurred, prompting petitioner to leave the friends' home in her vehicle. As she was leaving, petitioner intentionally drove her vehicle into Mr. McIntyre, breaking his ankle, and then left the scene of the accident. In February of 2012, petitioner was indicted on one count of malicious assault, one count of leaving the scene of a crash involving personal injury, and one count of domestic battery. Following a jury trial in August of 2012, petitioner was convicted of malicious assault, leaving the scene of a crash involving personal injury, and domestic assault, a lesser included offense of domestic battery. Thereafter, petitioner filed a motion for judgment of acquittal, alleging that the evidence at trial was insufficient to establish the intent elements necessary to support her convictions for domestic assault or malicious assault, and also that the evidence was insufficient to establish the element of malice necessary for a conviction of malicious assault. In its September 26, 2012 "Judgment Order," the

---

[1] In the circuit court, petitioner was convicted of the following offenses: malicious assault, leaving the scene of a crash involving personal injury, and domestic assault. On appeal, petitioner raises no argument in regard to her conviction for leaving the scene of a crash involving personal injury. Accordingly, the Court will not address any issues relating to this conviction.

1

circuit court denied petitioner's motion and sentenced her to a term of incarceration of two to ten years for her conviction of malicious assault, a term of one year in jail for her conviction of leaving the scene of a crash involving personal injury, and six months in jail for her conviction of domestic assault, said sentences to run concurrently.[2] On appeal, petitioner alleges error in the circuit court's denial of her motion for judgment of acquittal, arguing that the evidence below was insufficient to support her convictions for malicious assault and domestic assault.

We have previously held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As such, we note the following:

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for judgment of acquittal because the evidence was sufficient to support her convictions for malicious assault and domestic assault. Insofar as petitioner argues that the evidence was insufficient to establish that she intentionally struck the victim with her vehicle or that she acted with malice, the Court disagrees.

In regard to petitioner's conviction for domestic assault, intent is not necessarily a required element of the crime under the specific facts of this case. West Virginia Code § 61-2-28(b) states, in pertinent part, that a person is guilty of domestic assault if he or she "unlawfully commits an act which places his or her family or household member in reasonable apprehension of immediately receiving a violent injury . . . ." In the circuit court, petitioner's boyfriend, Mr. McIntyre, testified that petitioner drove the vehicle toward him and never slowed down, requiring him to abruptly try to move out of her vehicle's path. Despite his attempt to move out of petitioner's way, Mr. McIntyre was still struck and received injuries. Based on this testimony, it is clear that the evidence was sufficient to support petitioner's conviction for domestic assault

---

[2] In the order being appealed, the circuit court referred to petitioner's motion as a "Motion for New Trial." In the interest of consistency throughout this memorandum decision, the Court will refer to petitioner's motion below as a motion for judgment of acquittal.

because she unlawfully drove her vehicle toward Mr. McIntyre, causing him reasonable apprehension of immediately receiving a violent injury.

As to petitioner's conviction for malicious assault, we find that the evidence was similarly sufficient to support this conviction. West Virginia Code § 61-2-9(a) states that "[i]f any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable or kill . . .," then that person is guilty of malicious assault. While petitioner argues that the State failed to establish the element of malice because she testified that she did not see the victim or realize she struck him, the jury was also presented with evidence that petitioner struck the victim with her vehicle after the two were involved in an argument. Specifically, Mr. McIntyre testified that he was standing near a light in the yard when petitioner drove her vehicle toward him. Despite trying to get petitioner to stop her vehicle, Mr. McIntyre testified that petitioner actually drove out of the driveway in order to strike him with the front of her vehicle where he stood in the yard. Further, eyewitness testimony established that petitioner drove a significant distance prior to striking the victim in a well-lit area and that the victim was yelling and waiving at petitioner in an effort to get her to stop the vehicle.

We have previously held that "'[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses.' Syl. Pt. 2, *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967)." Syl. Pt. 2, *State v. Martin*, 224 W.Va. 577, 687 S.E.2d 360 (2009). Based upon this language, the jury was free to find that petitioner lacked credibility and to judge the weight of her testimony accordingly. While petitioner argues that juries are not free to presume malice, we have previously held that juries are allowed to infer malice, as opposed to presuming the same. *State v. Jenkins*, 191 W.Va. 87, 93, 443 S.E.2d 244, 250 (1994) (quoting *State v. Louk*, 171 W.Va. 639, 301 S.E.2d 596 (1983)). Based upon the evidence addressed above, the evidence was sufficient to support a finding of malice as well as a finding that petitioner intentionally struck Mr. McIntyre with her vehicle.

For the foregoing reasons, the circuit court's September 26, 2012 order denying petitioner's motion for judgment of acquittal is affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II